# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 10-CR-00104-CVE |
| TRACY DON CARTWRIGHT, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are Defendant's Sentencing Memorandum (Dkt. # 49), Defendant's Supplemental Sentencing Memorandum (Dkt. # 55), and Defendant's Reply to Supplemental Sentencing Memorandum (Dkt. # 62), in support of his objection to the characterization of defendant as an armed career criminal in the Presentence Investigation Report (PSI).

## I.

Defendant Tracy Don Cartwright was indicted as a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkt. # 2. He was tried twice by jury; the first trial resulted in a hung jury, and he was convicted at the second. Dkt. # 48. Prior to his sentencing hearing, a PSI was prepared. Cartwright's PSI lists three prior Oklahoma convictions for second degree burglary: Tulsa County Case No. CF-1992-1600; Wagoner County Case No. CRF-1993-323; and Tulsa County Case No. CF-2005-4115. Dkt. # 49, at 1. All three are characterized as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), making defendant an

armed career criminal for purposes of sentencing. Defendant objects to that characterization.[1] Id. He asserts that, with regard to the ACCA, the government must establish the fact of the convictions and that they are "violent felonies" according to the Supreme Court's interpretation of that term in Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005). Dkt. # 49, at 2-3. Cartwright argues that the government has not met its burden, and that he is therefore not properly classified as an armed career criminal. Dkt. ## 55, 62.

**II.**

Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony . . . shall be imprisoned not less than fifteen years." United States v. King, 422 F.3d 1055, 1056-57 (10th Cir. 2005). Moreover, under the United States Sentencing Guidelines (U.S.S.G.), "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal," and is subject to heightened base offense levels. U.S.S.G. § 4B1.4(a-b).

A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Although burglary is one of the offenses included in the ACCA's definition of "violent felony," the ACCA does not further define the term. However, in Taylor, the Supreme Court adopted a generic definition of burglary for purposes of the ACCA. Under Taylor, "a person

---

[1] Cartwright also argued that his prior offenses are not properly characterized as "crimes of violence" under U.S.S.G. § 2K2.1(a)(2), and that the applicable sentencing guidelines are therefore inapplicable. Dkt. # 49, at 4-5.

2

has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599. Taylor has been found to dictate a "categorical approach" to determinations of what constitutes a "violent felony" for purposes of the ACCA. Under that approach, "the sentencing court is only permitted to consider the fact of conviction and the statutory definition of the prior offense" in determining whether a given conviction meets the generic definition of burglary. King, 422 F.3d at 1057 (internal quotations omitted).

However, Taylor also created a modified categorical approach for cases where a conviction results from a state statute that criminalizes behavior including, but broader than, that in the generic definition of burglary. In such cases, "the sentencing court can go beyond the mere fact of conviction and consider the charging papers and jury instructions to determine whether the jury was actually required to find all the elements of generic burglary in order to convict." Id. (quoting Taylor, 495 U.S. at 602). Similarly, where a defendant pleads guilty under a non-generic statute, the sentencing court can consider the charging document, the terms of a plea agreement, and the transcript of the colloquy between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant. Id. (citing Shepard, 544 U.S. at 26). If the jury had to find, or the defendant pleaded to, the elements of a generic burglary, a conviction under a non-generic statute is a violent felony for purposes of the ACCA. However, in either case, a court may not consider the "particular facts underlying [a] conviction" to determine whether a defendant's conviction or plea was for the elements of generic burglary. Taylor, 495 U.S. at 600.

**III.**

At the outset, the Court notes that there is no dispute that the fact of defendant's three convictions have been established by the government. Instead, defendant argues that the government has not met its burden under Taylor of showing that those convictions are violent felonies under the ACCA. The three convictions at issue are all for second-degree burglary under Oklahoma's second-degree burglary statute, OKLA. STAT tit. 21, §1435:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

Id. The statute defines burglary more broadly than the generic definition set out in Taylor, which applies only to burglaries committed in "a building or enclosed space." Shepard, 544 U.S. at 15-16. A strict categorical approach is therefore inappropriate. See United States v. Hill, 53 F.3d 1151, 1153 (10th Cir. 1995). Instead, the Court must use the modified categorical approach allowed by Taylor by looking at the underlying documents to "determine whether the jury was actually required to find all the elements of generic burglary in order to convict." Taylor, 495 U.S. at 602. The government has submitted state records to establish that each prior conviction is properly considered a violent felony for purposes of the ACCA. See Dkt. ## 60, 61.

**A.**

With regard to Tulsa County District Case No. CF-92-1600, the government notes that the information charged defendant with burglary in the second degree in violation of OKLA. STAT. tit. 21, § 1435. Dkt. # 51, at 2-3. The information charged that defendant did "unlawfully, feloniously, willfully and burglariously . . . break and enter into a certain residence . . . ." Dkt. # 60-1, at 2.

4

Defendant entered a plea of guilty, and the state court entered a judgment against defendant. Dkt. # 60-1, at 3. Because the burglary conviction involved a building that was a personal residence, the government argues that the conviction qualifies as a violent felony under Taylor. Dkt. # 51, at 3. Defendant concedes that proof of this conviction is sufficient for purposes of the ACCA because the information specifically charged the essential elements of generic burglary and the judgment reflected that defendant was advised of the specific charge within the information prior to entering his plea of guilty to that charge. Dkt. # 55, at 2. That result is supported by King, 422 F.3d at 1058, and the Court finds that defendant's conviction in Tulsa County District Case No. CF-92-1600 is a violent felony for purposes of the ACCA.

**B.**

As to the government's assertion that defendant's conviction in Wagoner County District Court Case No. CRF-93-323 constitutes a violent felony, the government submitted the charging document,[2] two jury instructions, and the state court judgment.[3] Dkt. ## 60-2, at 2-8. As defendant concedes, these are appropriate documents to consider under the modified categorical approach set out in Taylor. Dkt. # 55, at 5. Count One of the information charged defendant with burglary in the second degree in violation of OKLA. STAT tit. 21, §1435. Dkt. # 60-2, at 2. The information states that:

---

[2] The government relies on the Second Amended Information. It claims that this amended information was applicable at trial, and that the charging language in Count One did not change during amendment. Dkt. # 51, at 4.

[3] In a supplemental filing, the government also submitted the jury trial transcript, the PSI, and the sentencing transcript. Dkt. ## 60-3, 60-4, 60-5, 60-6, 61-1, 61-2, 61-3, 61-4. These documents are not an appropriate part of the Taylor inquiry and provide no basis for the Court's decision.

5

> [Defendant] . . . acting in concert [with another], did unlawfully, wilfully, and feloniously break and enter into a certain building . . . in which building property of value was kept and contained, by breaking open the outer rear door of said building and entering without the consent of [the] owner, with a felonious intent to steal said property, or to commit any felony . . . .

Id. Defendant was tried by a jury on this charge, and found guilty. In support of its claim that the jury was actually required to find all the elements of generic burglary in order to convict, the government relies on two jury instructions given by the state court. Instruction No. 13 states that:

> No person may be convicted of burglary in the second degree unless the state has proved beyond a reasonable doubt each element of the crime. These elements are: first, breaking; second, entering; third, a building, structure; fourth, of another; fifth, in which property is kept; sixth, with the intent to [steal] [commit any felony].

Id. at 8. Instruction No. 14 then defines some relevant terms as follows:

> Breaking - Any act of physical force, however slight, by which obstructions to entering are removed.
>
> Dwelling[4] - Every house, building, or enclosed structure, any part of which has usually been occupied by any persons lodging therein; or any enclosed structure joined to and immediately connected with a house.
>
> Entering - An entry which occurs when any part of a person's body is within the [house]. [However, if a tool or an instrument is used and inserted inside, without any

---

[4] "Dwelling" is not an element of the statutory offense. It appears that the definitions for all burglary offenses in Oklahoma's uniform jury instructions may have been read to the jury regardless of their applicability to the case. See OUJI-CR 5-18 (2d ed.). Although the state court cited to OUJI-CR 5-16 as the authority for Instruction No. 14, the citation should have been to OUJI-CR 5-18. Dkt. # 60-2, at 6.

part of the person being within the [house], it is an entry if the insertion of the tool or instrument is capable of completing the purpose of the intended crime.[5]

Intent to steal - Intent permanently to deprive the person in rightful possession of property without the possessor's consent.

Of another - Of any person who is in rightful possession of the property.

Id. at 6. Defendant argues that the Taylor generic burglary standard contemplates personal entry. Therefore, he claims that because the instruction regarding "entering" permits entry by tool or instrument, the Court lacks the ability to determine whether the jury was required to find all the elements of a generic burglary. Dkt. # 55, at 5.

Defendant does not point to any cases that confine Taylor to personal entry. Instead, he focuses on language in Taylor that defines burglary as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." He claims that "entry," when read in conjunction with the "remaining in" provision, "necessarily contemplates personal entry, however slight." Dkt. # 55, at 5. The government relies on the state records in support of its claim

---

[5] The uniform jury instructions included the following language regarding a tool or instrument:

> [Use If Applicable]
>
> [However, if a tool or an instrument is used and inserted inside, without any part of the person being within the object or structure, it is an entry if the insertion of the tool or instrument is capable of completing the purpose of the intended crime.]

OUJI-CR 5-18 (2d ed.). The state court judge included this language (as well as the initial bracket) in the jury instructions. The judge should have stricken the reference to use of a tool if it had been inapplicable. But failure to do so would not morph the conduct charged into something less than a violent felony. In the end, the tool reference in a jury instruction did not alter the charging language.

that defendant's conviction constitutes a violent felony. In addition, it argues that Taylor fails to support defendant's textual argument, and that because Oklahoma law incorporates entry by instrument, generic burglary should be read to include such entry absent contrary federal law. Dkt. # 58, at 5-6. Finally, it argues that defendant's conviction falls under the residual clause of the ACCA. Id. at 7-8.

Much of the government's argument is unpersuasive. As noted, the trial transcript, the PSI, and the sentencing transcript are inappropriate sources for a Taylor inquiry, and will not be considered. The Court also may not rely upon Oklahoma law to guide its interpretation of generic burglary. See Taylor, 495 U.S. at 590 (finding it "implausible that Congress intended the meaning of burglary for purposes of § 924(e) to depend on the definition adopted by the State of conviction"). Moreover, defendant's conviction is not covered by the residual clause.[6]

In reviewing Taylor and its progeny, the Court found no cases addressing whether generic burglary contemplates personal entry only. However, there appears to be no obvious reason why entry via tool or instrument would not implicate the same concerns about safety as personal entry

---

[6] A felony conviction falls under the residual clause if the crime charged is roughly similar, in kind as well as in degree of risk posed, to the enumerated examples of violent felonies in § 924(e)(2)(B)(ii). United States v. Scoville, 561 F.3d 1174, 1180 (10th Cir. 2009). Although the Oklahoma second-degree burglary statute is similar in kind to generic burglary, it does not involve a similar degree of risk. Both James v. United States, 550 U.S. 192, 202 (2007), and Taylor employed broad language to describe the risks involved in burglary. James, 550 U.S. at 203; Taylor 495 U.S. at 588, 597. However, burglary of places included in Oklahoma's second-degree burglary statute, such as various types of automobiles and vending machines, was excluded from the generic definition of burglary. To hold that, regardless of exclusion from the generic definition, Oklahoma's second-degree burglary statute falls within the residual clause would render the definition of generic burglary in Taylor irrelevant. Cf. United States v. Livingston, 442 F.3d 1082, 1087 (8th Cir. 2006)("it requires something more than breaking and entering a vehicle to meet the 'otherwise' prong [of the ACCA] . . . if not, breaking and entering a vehicle would fit the burglary prong, a proposition rejected by the Supreme Court in Taylor and Shepard").

into a building or structure. See James, 550 U.S. at 203 (finding that the "main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander – who comes to investigate. That is, the risk arises . . . from the possibility that an innocent person might appear while the crime is in progress."); Taylor, 495 U.S. at 588 (noting that "Congress singled out burglary . . . for inclusion as a predicate offense . . . because of its inherent potential for harm to persons," and that the potential for confrontation during a burglary "may mean that [an offender] is prepared to use violence if necessary to carry out his plans or to escape"). Whether entry is accomplished by personal entry or by means of a tool or instrument, the potential for confrontation during commission of the burglary exists.

Moreover, a review of the case law reveals that the Tenth Circuit Court of Appeals has not required a charging instrument to state explicitly that entry was accomplished by a defendant's person to constitute a charge of generic burglary. See, e.g., United States v. Smith, 33 F. App'x 462, 466 (10th Cir. 2002)(unpublished)[7](finding that information that alleged defendant violated OKLA. STAT. tit. 21, § 1435 because, in relevant part, he "broke and entered a building . . . with the intent to steal" constituted a charge of generic burglary); see also United States v. Gonzales, 558 F.3d 1193, 1197 (10th Cir. 2009)(finding defendant was charged with generic burglary in information that alleged he "did unlawfully or feloniously, without authority . . . enter a building . . . with intent to commit larceny or a felony therein, and did steal food and beer items . . . ."); United States v. Mims,

---

7   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

301 F. App'x 790, 795 (10th Cir. 2008)(unpublished)[8](finding that two informations that stated, respectively, that defendant "enter[ed] . . . a residence . . . with the intent to commit a theft therein," and that defendant "knowingly entered unlawfully in a building . . . for the purpose of committing stealing therein" constituted generic burglary). As stated, the information in this case charges that defendant did "unlawfully, wilfully, and feloniously break and enter into a certain building . . . by breaking open the outer rear door of said building and entering without the consent of [the] owner, with a felonious intent to steal said property, or to commit any felony . . . ." Dkt. # 60-2, at 2. The charging language is nearly identical to that in other cases found by the Tenth Circuit to include the elements necessary for generic burglary. Notably, it is also similar to the charging instrument in Tulsa County District Case No. CF-92-1600, where defendant conceded that the information specifically charged the essential elements of generic burglary. Absent case law to the contrary, the Court will not reach a different result based only on the presence of a uniform jury instruction definition that would have permitted the jury to find "entry" accomplished either by defendant's person or by a tool or instrument. There is no mention of a tool or instrument in the charging instrument. Based on the information and Jury Instruction No. 13, it is clear that defendant "was charged only with a burglary of a building, and the jury necessarily had to find an entry of a building to convict." <u>Taylor</u>, 495 U.S. at 602. To date, the Supreme Court has required nothing more, and Case No. CRF-93-323 is therefore properly classified as a violent felony for purposes of the ACCA.

**C.**

---

[8] Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. 32.1; 10th Cir. R. 32.1.

Finally, in support of its claim that defendant's conviction in Tulsa County Case No. 05-4115 is a violent felony, the government relies on the charging document, the judgment, and the "Findings of Fact – Acceptance of Plea" form used by the state court. Dkt. # 61-5, at 2-14. Defendant concedes that these are appropriate documents for the Court's consideration under Taylor and Shepard. Dkt. # 55, at 3.

In Case No. 05-4115, defendant was again charged with commission of second-degree burglary under OKLA. STAT tit. 21, §1435. The information alleged that defendant broke and entered a residence through the front door, without consent of the owner, with the intent to steal property from therein. Dkt. # 61-5, at 2. Defendant entered a plea of nolo contendere to the information, and the court entered judgment finding him guilty of second-degree burglary. Dkt. # 61-5, at 6. Defendant now alleges that because the judgment contained no reference to the information or the facts alleged therein, the record is ambiguous regarding whether the state court necessarily made the finding that defendant committed each of the essential elements of generic burglary. Dkt. # 55, at 3. Moreover, defendant claims that he did not admit to the essential elements of burglary as part of his nolo contendere plea, and that the state's offer of proof contained in the "Findings of Fact – Acceptance of Plea" form is insufficient to establish the essential elements of generic burglary under Taylor. Id. at 4. Therefore, he argues that under United States v. Bennett, 108 F.3d 1315 (10th Cir.

1997), ambiguity as to why he was found guilty means the conviction may not be used for purposes of the ACCA.[9]  Id.

Defendant correctly notes that the judgment in Case No. 05-4115 does not specifically reference the information.  Instead, it states only that defendant entered a plea of nolo contendere, and that he was found guilty of violating OKLA. STAT tit. 21, §1435. Dkt. # 61-5, at 6.  Defendant argues that United States v. Hill, 53 F.3d 1151 (10th Cir. 1995), dictates that he may be found guilty only if the judgment confirms that he was found guilty of the generic burglary charged in the information. Dkt. # 62, at 5.  The Tenth Circuit's focus in Hill was on the proof the government was obligated to provide where it had not introduced a written plea agreement or transcript of the plea hearing to support its argument that the defendant's conviction under the Oklahoma second-degree burglary statute was a violent felony for purposes of the ACCA.  In that situation, the court found that where an information contained all the elements of a generic burglary, and the judgment stated that the defendant pleaded guilty to burglary "having been duly informed of the nature of the

---

[9]  In Bennett, the defendant received a sentence enhancement because the district court found that he was a "career offender" for purposes of U.S.S.G. § 4B1.1.  The defendant challenged the court's reliance on one of his prior convictions as a "crime of violence" under the U.S.S.G.  108 F.3d at 1317.  The only documents available from that proceeding were the information, plea agreement, and judgment of conviction. Id.  The information charged the defendant with first-degree burglary, but he ultimately pleaded guilty to and was convicted of second-degree burglary. Id. at 1317-18.  It was not clear from the record how the information was amended when the charge was reduced from first- to second-degree burglary, and it was therefore unclear whether the requisite elements for a "crime of violence" had been charged. Id. at 1317-18.  The district court analyzed several ways that the language may have been altered before deciding that it was most likely that the language required under Taylor had remained. Id. at 1318.  The Tenth Circuit reversed, noting that the record left it ambiguous as to whether the defendant had been convicted of a crime of violence. Id. at 1319.

charge," the record established that defendant had pleaded guilty to a charge that satisfied the Taylor definition. Hill, 53 F.3d at 1155.

Hill is not directly applicable to this case. As defendant notes, the judgment here does not reference the information. However, unlike Hill, here the government has provided the state court's "Findings of Fact – Acceptance of Plea" that documents defendant's nolo contendere plea. Dkt. # 61-5, at 8-14. The Tenth Circuit has held that where "enhancement is sought on the basis of a conviction obtained through a guilty plea, the sentencing court may look to the underlying indictment or information and the text of the guilty plea to determine whether the defendant was charged with and admitted conduct which falls without question within the ambit of Taylor's generic definition." See United States v. Barney, 955 F.2d 635, 639-40 (10th Cir. 1992). This is because a defendant admits "all the well-pleaded facts in the indictment by pleading guilty." Hill, 53 F.3d at 1155. Defendant apparently admits that possibility, but argues that the "Findings of Fact – Acceptance of Plea" cannot clarify the conduct of which he was adjudged because, in that document, defendant made no admission of his criminal conduct, and the state's proffer of a factual basis did not include all of the essential elements of generic burglary. Dkt. # 62, at 5-7.

Defendant's argument ignores the realities of the nolo contendere plea. "In Oklahoma, a plea of no contest admits the facts pleaded in the information." Pettit v. Addison, 150 F. App'x 923, 924 n.1 (10th Cir. 2005)(unpublished)[10]; Lozoya v. State, 932 P.2d 22, 30 (Okla. Crim. App. 1996)(a guilty plea "admits the facts pleaded in the information"); Morgan v. State, 744 P.2d 1280, 1282 (Okla. Crim. App. 1987)("a plea of nolo contendere has the same legal effect as a guilty plea . . .").

---

[10] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

As defendant admits, the information "certainly sets forth the essential elements of a generic burglary," as it specifically alleges that defendant broke and entered into a residence, without the consent of the owner, with the intent to steal property therefrom. Dkt. ## 55, at 3; 61-5, at 2. In the "Findings of Fact – Acceptance of Plea," defendant stated that he had received a copy of the information and read its allegations, that he understood he was charged with burglary in the second degree under OKLA. STAT tit. 21, §1435, and that his plea to the charges was "nolo." Dkt. # 61-5, at 8, 10. By making that plea, he admitted the facts pleaded in the information. See, e.g., United States v. De Jesus Ventura, 565 F.3d 870, 879 (D.C. Cir. 2009)(finding that defendant "was necessarily convicted of any facts charged in the [state] indictment" based on effect given to nolo contendere plea under state law, and that the indictment was the relevant document for purposes of determining whether defendant had been convicted of a crime of violence for purposes of the U.S.S.G.). The judgment referenced defendant's nolo contendere plea in connection with the entry of judgment as to defendant's guilt of burglary in the second degree. Defendant has raised no ambiguity like that in Bennett that suggests a possibility that the nolo contendere plea was not in reference to the information proffered by the government and referenced in the "Findings of Fact – Acceptance of Plea" form. Therefore, based on the state records, defendant was convicted of a generic burglary under Taylor, and his conviction is properly characterized as a "violent felony" for purposes of the ACCA.

## IV.

Defendant's sentencing memorandum also challenges applicability of the heightened base offense level under the U.S.S.G. based on his commission of the underlying offense subsequent to conviction of at least two "crimes of violence" under U.S.S.G. § 2K2.1(a)(2). However, because

14

defendant is properly characterized as an armed career criminal under the ACCA, the question of whether his crimes are properly characterized as crimes of violence is irrelevant, as the base level for an armed career criminal exceeds that imposed under U.S.S.G. § 2K2.1(a)(2).

**IT IS THEREFORE ORDERED** that defendant's objection to his characterization as an armed career criminal under the ACCA is **overruled**.

**IT IS FURTHER ORDERED** that defendant's sentencing is re-set for **April 14, 2011, at 10:00 a.m.**

**DATED** this 5th day of April, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT