# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 10-CR-0104-CVE |
| | ) [19-CV-0632-CVE-JFJ] |
| TRACY DON CARTWRIGHT, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 90). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

### I.

On July 8, 2010, defendant was charged in an indictment (Dkt. # 2) with felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). After two trials, the first of which resulted in a mistrial, defendant was convicted. Dkt. ## 39, at 6; 74, at 105-06. Defendant was sentenced to 210 months' imprisonment, and his conviction became final on April 14, 2011. Dkt. ## 77, at 21; 64; 65. Defendant was subject to a fifteen-year mandatory minimum sentence because he had three prior convictions for second degree burglaries, which the Court held were "violent felonies" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Dkt. # 2; Dkt. # 77, at 19. Defendant filed a notice of appeal on April 24, 2011, and the Tenth Circuit affirmed defendant's conviction. Dkt. ## 68, 82. Defendant then filed a petition for writ of certiorari with

the United States Supreme Court, which was denied. Dkt. ## 85; 86. On November 21, 2019, defendant filed his first § 2255 motion in this Court, arguing that his sentence was unconstitutional because "the United States Supreme Court has held that the residual clause of the [ACCA is] unconstitutional, and . . . the 10th Circuit has held that Oklahoma's 2nd degree burglary 'does not' qualify as a crime of violence for the purpose of the A.C.C.A." Dkt. # 90, at 9 (emphasis in original).. Dkt. # 90, at 4.

## II.

The first case on which defendant appears to rely is Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found that the residual clause of the ACCA was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Id. at 2556-57. In Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255(f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Defendant filed his § 2255 motion on November 21, 2019, well after the statute of limitations period ended. Therefore, the Court finds that defendant's Johnson claim should be dismissed as time-barred.

---

[1] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016, was a Sunday; therefore, defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

The second case on which defendant relies is United States v. Hamilton, 889 F.3d 688, 699 (10th Cir. 2018). In Hamilton, the Tenth Circuit held that a second-degree burglary under Oklahoma law is not a "violent felony" under the ACCA because it does not meet the definition of burglary in the enumerated-offense clause. Hamilton, 889 F.3d at 699. The Supreme Court has not considered this issue. In addition, only the Supreme Court can declare a new constitutional right retroactive. However, even if this were a new constitutional right, defendant's motion is outside of the one-year statute of limitations period, as Hamilton was decided on May 4, 2018.

Defendant claims that Hamilton "was very recently posted on the legal research computer" of his facility, and he exercised due diligence in filing his § 2255 motion after learning about Hamilton. Dkt. # 90, at 11. He further states that he has "been in a facility lock down for more than two months." Id. The one-year statute of limitations to file a § 2255 motion is subject to equitable tolling when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008). Even if defendant's lock down status were considered "extraordinary circumstances," he still had two months to file his § 2255 motion in light of Hamilton. The Court finds that defendant's Hamilton claim is not subject to equitable tolling, and therefore defendant's claim should be dismissed as time-barred.[2]

The Court has considered the claims raised in defendant's § 2255 motion (Dkt. # 90) and finds that his motion should be dismissed as time-barred. Rule 11 of the Rules Governing Section

---

[2] Defendant argues that it was his case that the Tenth Circuit overruled in Hamilton. Dkt. # 90, at 4. The Court has reviewed Hamilton, and this does not appear to be the case. Further, even if Hamilton overruled defendant's case, his § 2255 motion is untimely, and he has not demonstrated "extraordinary circumstances" excusing his lack of timeliness.

3

2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 90) is **dismissed as time-barred**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**.

**DATED** this 10th day of December, 2019.

*[Signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE